IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                                    Case No.: 1:16-cr-002700-JCH

CARLOS VASQUEZ,

     Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION AS MOOT**

Defendant Carlos Vasquez sought compassionate release pursuant to 18 U.S.C. § 3582. *See generally* Doc. 123 ("Motion"); *see* 18 U.S.C. § 3582(b)(1) (authorizing modification of a defendant's sentence of imprisonment under 18 U.S.C. § 3582(c)). At the time of filing, was in custody following the revocation of his term of supervision, pursuant to the judgment and sentence issued on April 1, 2025. Doc. 116 at 1. Therein, the Court ordered Vasquez "be imprisoned for a total term of: 8 months or until bed space becomes available at an inpatient treatment program; whichever occurs first." *Id.* at 2. The import of the sentence was simple: release Vasquez to an inpatient treatment program once a bed was available, provided that happened before the eight-month term of imprisonment expired. He was not released, despite a bed opening at the New Mexico Wellness Treatment Program in Taos, New Mexico. *See* Doc. 119 at 2 (detailing why the Federal Bureau of Prisons purportedly could not release him). Consequently, Vasquez filed the Motion.

Vasquez requested a time-served sentence and an order of release so he could complete his term of supervised release at the treatment program. Doc. 123 at 1. The Government opposed.

1

*See generally* Doc. 124. Vasquez did not file a reply. Instead, he finished his eight-month term of incarceration, was released on October 22, 2025, and recommenced his supervision. Doc. 125 at 1.

Once a "defendant's prison sentence has expired, a challenge to [their] conviction is moot unless there is an ongoing collateral consequence of the conviction, that can be redressed by a favorable judicial decision." *United States v. Fields*, 823 F. App'x 587, 589 (10th Cir. 2020) (citation modified). In other words, a court lacks jurisdiction "because [the defendant's] release from prison rendered his . . . motion for sentence reduction moot." *Id.* at 591.

Though *Fields* analyzed a defendant's request under Section 3582(c)(1)(B)—providing for a sentence reduction under the First Step Act—rather than Section 3582(c)(1)(A)—regarding compassionate release—the rationale holds true. *See, e.g.*, *United States v. Chavez*, No. 12-CR-2519, 2022 WL 1651105, at *1 (D.N.M. May 24, 2022) (applying this rationale); *United States v. Carr*, No. 16-cr-054, 2021 WL 5565804, at *3 (D. Colo. Nov. 29, 2021) ("Defendant's release to home confinement renders her proffered basis for compassionate release moot.").

Here, given that Vasquez is no longer in custody with the Bureau of Prisons and is on supervised release, the Court cannot redress his incarceration. Therefore, the Court hereby denies Vasquez's Motion, Doc. 123, as moot. Vasquez's prior emergency motion for release, Doc. 119, is similarly denied as moot.

It is so ordered.

_____
SENIOR UNITED STATES DISTRICT JUDGE

2